68 F.3d 475
 NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
Billie Clem RAE, Plaintiff-Appellant,
v.
Josephine Frances RAE, Defendant-Appellee.
 No. 94-6571.
 United States Court of Appeals, Sixth Circuit.
 Oct. 12, 1995.
 
 Before: KEITH, JONES and BOGGS, Circuit Judges.
 
 ORDER
 
 1
 Billie Clem Rae, a federal prisoner, moves for the appointment of counsel and miscellaneous relief and appeals the dismissal of his diversity tort and civil rights action. The case has been referred to a panel of the court pursuant to Rule 9(a), Rules of the Sixth Circuit. Upon examination, this panel unanimously agrees that oral argument is not needed. Fed.R.App.P. 34(a).
 
 
 2
 Rae filed a complaint for monetary relief against his ex-wife, alleging that she was guilty of fraud and contempt of a bankruptcy court and had conspired with the federal government to deny Rae due process. The complaint alleged that the defendant had asserted claims against certain property of Rae's which had been seized by federal authorities in connection with his arrest and which he was currently attempting to recover. However, Rae asserted, his debts to the defendant had been previously discharged in bankruptcy. The matter was referred to a magistrate judge, who recommended that the complaint be dismissed pursuant to either 28 U.S.C. Sec. 1915(d) or Fed.R.Civ.P. 12(b)(6). The district court adopted this recommendation over Rae's objections.
 
 
 3
 Upon review, we conclude that this complaint was properly dismissed, as no facts could be proven which would entitle Rae to the relief requested. See Gazette v. City of Pontiac, 41 F.3d 1061, 1064 (6th Cir.1994).
 
 
 4
 As the magistrate judge noted, this complaint is an improper collateral attack on proceedings in another federal court. Cf. Mullis v. United States Bankruptcy Court, 828 F.2d 1385, 1392-93 (9th Cir.1987), cert. denied, 486 U.S. 1040 (1988). Rae is apparently attempting to bypass proper channels for appellate review available in both his bankruptcy proceeding and his proceeding to recover his seized property. As such, the complaint was properly dismissed for failure to state a claim.
 
 
 5
 Accordingly, all pending motions are denied, and the district court's order is affirmed. Rule 9(b)(3), Rules of the Sixth Circuit.